**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| **PARCC HEALTHCARE INC. D/B/A** | : | |
| **ASTORIA PARK AND TALMADGE** | : | |
| **PARK INC. D/B/A TALMADGE PARK** | : | |
| **HEALTHCARE** | : | |
| | : | |
| **Plaintiffs,** | : | **Civil No. 16-444 (RNC)** |
| | : | |
| **v.** | : | |
| | : | |
| **PARTNERS OF CONNECTICUT, LLC** | : | **MARCH 18, 2016** |
| | : | |
| **Defendant.** | : | |

_____

## PARTNERS OF CONNECTICUT, LLC'S MEMORANDUM IN OPPOSITION TO APPLICATION TO VACATE ARBITRATION AWARD

Partners of Connecticut, LLC ("Partners") respectfully submits this Memorandum of Law in Opposition to the Application to Vacate Arbitration Award, dated February 4, 2016 ("Application to Vacate"), filed by Talmadge Park Inc. d/b/a Talmadge Park Healthcare ("Talmadge").[1]

As set forth below, the Interim Decision dated December 10, 2015 (the "Interim Decision," attached as Exhibit A) and Award Re: Attorneys' Fees dated January 5, 2016 (the "Award Re: Attorneys' Fees," attached as Exhibit B) (hereinafter collectively, the "Award") entered by Attorney Dominic Bellitto Esq. (the "Arbitrator") operating under the auspices of the

---

[1] The Application to Vacate Arbitration Award was filed by PARCC Healthcare Inc. d/b/a Astoria Park and Talmadge Park Inc. d/b/a Talmadge Park Healthcare. As of October 31, 2015, however, PARCC Healthcare, Inc. is in receivership and under the Order Establishing Claim Adjudication Procedures dated December 7, 2015, any and all claims pending against it are stayed. As such, this Opposition to Application to Vacate pertains solely to Talmadge Park Inc.

American Arbitration Association titled <u>In the Matter of the Arbitration between: Partners of Connecticut, LLC and PARCC Healthcare Inc. D/B/A Astoria Park and Talmadge Park Inc., D/B/A Talmadge Park Healthcare</u>, Case Number: 01-15-0003-0399, should be upheld and the Application to Vacate should be denied. The Award is wholly consistent with the parties' contractual agreement to arbitrate, and Talmadge has not shown, and cannot show, any basis for vacating the award. Accordingly, the Award must stand, and Talmadge's Application to Vacate must be denied.

## I.   PRELIMINARY STATEMENT

The Award should not be vacated. The Arbitrator, a respected, experienced professional vetted by the American Arbitration Association, facilitated numerous telephonic status conferences and considered numerous pre-hearing and post-hearing memoranda submitted by the parties on a range of legal issues. The Arbitrator sat through a hearing session, which included the direct and cross examination of fact witnesses offered by both parties. The Arbitrator weighed competing evidence; he assessed credibility of witnesses giving testimony; he interpreted contract language; and he balanced competing legal principles. The Arbitrator was extremely thorough and further ordered (1) the submission of post-hearing briefing, and (2) a more detailed Affidavit in support of the claim for attorneys' fees, before entering the Award. The Arbitrator afforded Talmadge every opportunity to present and argue its case. All of this was done with absolute regard to the evidence before him.

## II.     FACTUAL BACKGROUND AND PROCEDURAL POSTURE

### A.     THE TALMADGE PHARMACY SERVICES AGREEMENT

On June 7, 2010, Partners entered into a Designated Pharmacy Services Agreement ("Pharmacy Agreement") with Talmadge, dated June 7, 2010, extended pursuant to mutual agreement on March 20, 2012, May 21, 2013, and again on April 21, 2014, with regard to matters involving the provision of pharmacy products and services by Partners to a Talmadge facility located at 38 Talmadge Avenue, East Haven, Connecticut.  A true and accurate copy of the Pharmacy Agreement is attached hereto as Exhibit C.  The Pharmacy Agreement provided that, in return for certain pharmaceutical services rendered by Partners, the Respondents shall remit payment within sixty (60) days of the invoice date.  See id. at Section 3.6.[2]  The Pharmacy Agreements also provide for 12% interest to accrue on amounts more than sixty (60) days past due (Section 3.6) as well as the right for Partners to be reimbursed by the Respondents for Partners' attorneys' fees and costs incurred in collecting any amounts past due under (Section

---

[2] Section 3.6 of the Talmadge Agreement provides that:

> **[Talmadge's f]ailure to remit payment within sixty (60) days of the billing date will constitute default pursuant to Section 4.3 of this Agreement.  Amounts due not received within sixty (60) days of the billing date of Partners' invoice shall accrue interest at the rate of 1% per month.** . . .  In addition to the remedies for default as set forth herein, in the event that [Talmadge] fails to pay any invoice within sixty (60) days of the invoice date, [Partners], at its option upon written notice to [Astoria], shall have the right to: (a) declare all of [Partners'] outstanding invoices immediately due and payable in full, and/or (b) require [Talmadge] to pay on a COD basis for all Products delivered until all of [Partners'] invoices are current according to their respective terms.

(Pharmacy Agreement at ¶ 3.6 (emphasis added).)

Section 3.6 of the Pharmacy Agreement additionally contained a collections cost provision, providing that "**[Talmadge] agrees to reimburse [Partners] for any and all costs incurred to collect payment from [Talmadge], including, without limitation, reasonable attorneys fees.**"  (Id. (emphasis added).)

3

3.6).  <u>Id.</u>  During the term of the Pharmacy Agreement, Talmadge failed to pay certain financial obligations to Partners and, as a result thereof, Partners served Talmadge with a notice of default on August 22, 2014.  Following the issuance of its default notice, Partners continued to provide products and services to Talmadge and the parties discussed an attempt to resolve Talmadge's payment default.

### B.    THE PROMISSORY NOTE

Discussions concerning Talmadge's debts resulted in Partners and Talmadge entering into a Promissory Note dated December 23, 2014 ("Promissory Note"), whereby Partners and Talmadge agreed to certain terms and conditions in consideration for mutual covenants and agreements.  The Promissory Note resolved past due invoices up to and including the September 2014 invoices only.[3]  Following the execution of the Promissory Note, Partners continued to provide products and services to Talmadge under the Pharmacy Agreement.

### C.    THE ARBITRATION PROCEEDING

Despite the express terms of the Pharmacy Agreement, Talmadge breached the agreement by failing to pay amounts due to Partners, namely, for invoices dated October 31, 2014 to the present – invoice amounts not included in the Promissory Note.  As a result, Partners issued a written notice of default dated January 26, 2015.  Talmadge did not cure the default and Partners

---

[3] Talmadge also breached their obligations under the Promissory Note. On March 17, 2015, Partners filed a separate breach of contract claim against Talmadge under the terms of the Promissory Note in the Connecticut Superior Court, Judicial District of Hartford at Hartford, Docket No. HHD-CV-15-6058298.  Contrary to Talmadge's unsupported assertions, the Promissory Note was never at issue in the arbitration matter.

proceeded to file a demand for arbitration under Section 12.3 of the Pharmacy Agreement.  The

Pharmacy Agreement provides, in relevant part:

> Any dispute, controversy, or claim arising out of or relating to this Agreement (a "Controversy"), shall be settled by an arbitration panel (the "Arbitration Panel") in accordance with the American Arbitration Association ("AAA") Rules of Procedure for Arbitration, such arbitration to be held in Somerset, New Jersey.  The Arbitration Panel shall consist of one arbitrator selected by agreement of [Partners] and [Astoria].  If they are unable within ten (10) days to agree on such selection, the Arbitration Panel shall consist of one arbitrator selected by each of the parties hereto within ten (10) days thereafter and the arbitrators thus selected shall select one additional neutral arbitrator within ten (10) days thereafter. . . .

(Pharmacy Agreement, § 12.3.)

The arbitration provision also includes a fee shifting provision.  The Pharmacy

Agreement provides that "[t]he parties shall bear equally all costs of said arbitration (other than

their own attorney's fees and costs).  The prevailing party in such arbitration shall be entitled to

reimbursement for its reasonable costs and expenses (including reasonable attorney's fees) as

part of any award. . . ."[4]  Id.

As such, on March 26, 2015, Partners filed a Statement of Claim with the American

Arbitration Association ("Statement of Claim") asserting claims against Talmadge for breach of

contract under the Pharmacy Agreement.[5]  A copy of the Statement of Claim is attached hereto

as Exhibit D.  On June 30, 2015, Talmadge filed a Motion to Dismiss the arbitration on the

---

[4] The award of attorneys' fees and costs is proper because the express language of the Pharmacy Agreement in Sections 12.3 and 3.6 permits the Arbitrator to award relief for " reimbursement for its reasonable costs and expenses (including reasonable attorney's fees) as part of any award" and "any and all costs incurred to collect payment from [Talmadge], including, without limitation, reasonable attorneys fees."

[5] In the Statement of Claim, Partners also asserted claims against PARCC Healthcare Inc. d/b/a Astoria Park.  As stated above, as of October 31, 2015, PARCC Healthcare, Inc. was in receivership and all claims pending against it were stayed.  As such, the evidentiary hearing on October 23, 2015 arbitrated the claims against Talmadge only.

5

grounds that Talmadge was not subject to the arbitration clause contained in the Pharmacy Agreement due to the Promissory Note dated December 23, 2014. A copy of Talmadge's Motion to Dismiss is attached hereto as Exhibit E. On July 10, 2015, Partners filed an Objection to the Motion to Dismiss reiterating that it was not making a claim in this arbitration for any amounts due under the Promissory Note. As clearly set forth in Partners' Statement of Claim, the arbitration claim is for nonpayment of amounts due under the Pharmacy Agreement beginning with the October 2014 invoices to the present, which were never part of the Promissory Note. A copy of Partners' Objection to the Motion to Dismiss is attached hereto as Exhibit F.

On July 14, 2015, the Arbitrator found that the Pharmacy Agreement prevailed as to the scope of the remedies by and between the parties. As such, the Statement of Claim was proper and there was subject matter jurisdiction to hear the claim. A copy of the Arbitrators Determination of Talmadge's Motion to Dismiss is attached hereto as Exhibit G. Thereafter, in accordance with Section 12.3 of the Pharmacy Agreement, the arbitration proceeded.

On August 18, 2015, two (2) days before the scheduled arbitration hearing, Talmadge requested a continuance of the arbitration hearing to a date at the end of September or October. The Arbitrator granted Talmadge's request and the hearing was postponed to October 15, 2015. On October 14, 2015, the day before the hearing, Talmadge requested another continuance of the hearing. The Arbitrator granted Talmadge's request and the hearing was postponed to October 23, 2015. Talmadge has employed delay tactics since the origination of this proceeding, and this Application to Vacate is no exception.

6

On October 23, 2015, the parties participated in a one (1) day evidentiary hearing ("Hearing") tried to Arbitrator Robert Bellitto ("Arbitrator"). Following the hearing, the Arbitrator ordered submission of post-hearing briefs and additional Affidavits in support of the claim for attorneys' fees. In its Post-Hearing Brief dated November 6, 2015 ("Talmadge Post-Hearing Brief") and subsequent Reply Brief dated November 13, 2015 ("Talmadge Reply Brief"), Talmadge, with no material defenses, again attempted to conflate the amounts due under the Pharmacy Agreement and the Promissory Note. At the Hearing, the parties stipulated as to the amounts due and owing under Pharmacy Agreement, not including default interest and attorneys' fees and costs.[6] See Exhibit A, Exhibit J. Copies of Talmadge's Post-Hearing Brief and Reply Brief are attached hereto as Exhibit H and Exhibit I, respectively.

Partners submitted an extensive Post-Hearing Brief dated November 6, 2015 ("Partners Post-Hearing Brief") and subsequent Reply Brief dated November 13, 2015 ("Partners Reply Brief") stating, *inter alia*, that at the evidentiary hearing it sustained its burden of proof on its breach of contract claim. Copies of Partner's Post-Hearing Brief and Reply Brief are attached hereto as Exhibit J and Exhibit K, respectively. Again, Partners also emphasized that its arbitration claim is for nonpayment of amounts due and owing under the Pharmacy Agreement only (not the Promissory Note).

On December 10, 2015, the Arbitrator issued an Interim Order in favor of Partners in the amount of $179,365.51, plus interest thereon, in the amount of $7,441.00, to and including

---

[6] As discussed in Partners' Post-Hearing Brief, attached hereto as Exhibit J, *infra*, the Arbitrator's Interim Decision states that "Respondent has not challenged said calculation." See Exhibit A and Exhibit J.

ME1 22183214v.1

November 6, 2015.  The Interim Order further states that "[t]hereafter, interest shall continue to run in the amount of $59.87, per diem, until said amount has been paid in full."  The Interim Order was exclusive of attorneys' fees and costs, and the Arbitrator ordered additional briefing prior to rendering an award.  The parties were duly notified of the Interim Order on December 10, 2015.

On January 5, 2016, the Arbitrator issued an Award re: Attorneys' Fees, awarding Partners attorneys' fees in the amount of $28,858.90 and costs in the amount of $6,125.00.  The parties were duly notified on January 5, 2016.  Thereafter, on or about February 4, 2016, Talmadge commenced this action by filing an Application to Vacate Arbitration Award ("Application to Vacate") (Docket Entry No. 100.31).

## III.    ARGUMENT

"The role of a district court in reviewing an arbitral award is 'narrowly limited,' and 'arbitration panel determinations are generally accorded great deference under the [Federal Arbitration Act].'" Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice GmbH, 840 F. Supp. 2d 703, 710 (S.D.N.Y. 2011) (quoting Tempo Shain v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir. 1997)).  When a party to an arbitration applies to a district court for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected" as prescribed in the FAA.  9 U.S.C. § 9; see Scandinavian Reins. Co. Ltd. v. Saint Paul Fire and Marine Ins. Co., 668 F.3d 60, 78 (2d Cir. 2012).

Talmadge fails to submit any evidence whatsoever to challenge the Arbitrator's Award and, as such, has failed to carry his substantial burden.

8

### A.      THE PARTIES' SUBMISSION TO ARBITRATION IS PROPER

The FAA deems any agreement to arbitrate valid and enforceable "save upon such grounds as exist as law or in equity for the revocation of any contract." 9 U.S.C. § 2.[7] There is no dispute that the arbitration clause in the present case is proper. The CLAUSE, which is contained in Section 12.3 of the Pharmacy Agreement, contains no limitations or conditions. The agreement to arbitrate provides, in relevant part:

> **Any dispute, controversy, or claim arising out of or relating to this Agreement** (a "Controversy"), shall be settled by an arbitration panel (the "Arbitration Panel") in accordance with the American Arbitration Association ("AAA") Rules of Procedure for Arbitration, such arbitration to be held in Somerset, New Jersey. The Arbitration Panel shall consist of one arbitrator selected by agreement of [Partners] and [Astoria]. If they are unable within ten (10) days to agree on such selection, the Arbitration Panel shall consist of one arbitrator selected by each of the parties hereto within ten (10) days thereafter and the arbitrators thus selected shall select one additional neutral arbitrator within ten (10) days thereafter. . . .

(Pharmacy Agreement at § 12.3.) (emphasis added.)

Talmadge repeatedly has conflated the invoices due and outstanding under the Pharmacy Agreement and the Promissory Note in an attempt to avoid the valid arbitration clause in the Pharmacy Agreement. As set forth in detail in Section II, *infra*, Talmadge filed a Motion to Dismiss on the grounds that the amounts due under the Promissory Note were not covered by the

---

[7] 9 U.S.C. §2 provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

arbitration clause in the Pharmacy Agreement.  As clearly set forth in Partners' Statement of Claim and Objection to Motion to Dismiss, however, Partners did not make a claim for amounts due under the Promissory Note.  Partners' arbitration claim was for nonpayment of amounts due under the Pharmacy Agreement only (invoices from October 31, 2014 to the present) – invoices which were not included in the Promissory Notes.  This issue was thoroughly briefed by the parties and considered by the Arbitrator.  The Arbitrator denied Talmadge's Motion to Dismiss and found that the Pharmacy Agreement (with a valid arbitration clause) prevailed as to the scope of the remedies by and between the parties.  Talmadge again conflated the issue a second time in its Post-Hearing Brief, with no avail.  Talmadge now, for a third time, raises the same unsuccessful arguments in support of its Application to Vacate because it did not like the result of the arbitration.

In its Application to Vacate, Talmadge argues that the Arbitrator is guilty of misconduct for "failing to end the arbitration prejudicing the parties" and "failing to dismiss the action." (Application to Vacate, p. 1.)  Talmadge attempts to use this Application to Vacate to reargue its Motion to Dismiss, which was thoroughly briefed by the parties and adversely ruled upon by the Arbitrator.  Moreover, Talmadge provides no evidence whatsoever in support of its arguments. As stated above, the authority of the Arbitrator to hear the case, including the scope and applicability of the arbitration clause in the Pharmacy Agreement, was extensively briefed by the parties and considered by the Arbitrator, multiple times throughout the course of the arbitration proceedings.  Talmadge's Application to Vacate is nothing more than a last ditch attempt to avoid its obligations under the Pharmacy Agreement.

**B.      STANDARD OF REVIEW OF THE ARBITRATOR'S AWARD**

"[A] motion to vacate filed in a federal court is not an occasion for de novo review of an arbitral award." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Id. (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003)); see also ReliaStar Life Ins. Co. of New York v. EMC Nat'l Life Co., 564 F.3d 81, 86 (2d Cir. 2009) ("as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," a court's conviction that the arbitrator has "committed serious error" in resolving the disputed issue "does not suffice to overturn his decision") (citations and internal quotation marks omitted); White v. Local 46 Metallic Lathers Union and Reinforcing Iron Workers of N.Y. City, No. 01 Civ. 8277, 2003 WL 470337, at *5 (S.D.N.Y. Feb. 24, 2003) ("mistakes of fact, errors of law, inadequate reasoning or even arbitrary determinations" do not constitute grounds for vacating an arbitration award).  An arbitration award may be vacated only if the moving party demonstrates, by clear and convincing evidence, one of the Federal Arbitration Act's ("FAA") four enumerated grounds or a common law manifest disregard of the law.[8]

---

[8] Although not cited, it appears that Talmadge seeks to vacate the Award under Conn. Gen. Stat. § 52- 418(a)(4), which states that an arbitration award may be vacated "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."  There is, however, no practical difference between section 10(a)(4) of the FAA and § 52- 418(a).  See Singleton v. Grade A Mkt., Inc., 607 F. Supp. 2d 333, 341 (D. Conn. 2009) ("[d]ue to the similarities in [the Connecticut arbitration

Under the FAA, there are only four bases upon which an arbitration award can be vacated:

> (1) [w]here the award was procured by corruption, fraud or undue means; (2) [w]here there was evident partiality or corruption in the arbitrators, or either of them; (3) [w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) [w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a).

It appears that Talmadge's basis for its petition is subsection (4): manifest disregard of the law.  "A court will vacate an arbitral award on this ground only if 'a reviewing court . . . find[s] both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 263 (2d Cir. 2003) (quoting Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 28 (2d Cir. 2000)). This ground for vacatur requires a showing that the decision reflected "an egregious or patently irrational rejection of clearly controlling legal principles" amounting to a "manifest

---

statute and the FAA] and the dearth of cases decided under ... the Connecticut statute, it is instructive to examine case law under the federal statute."); Local 1336, Amalgamated Transit, Union, AFL-CIO v. First Student, Inc., No. 3:11-CV- 1850(VLB), 2013 WL 588199, at *3 (D. Conn. Feb. 13, 2013) ("The statute governing arbitration awards in the state of Connecticut mirrors the FAA."); Peters v. Pillsbury Winthrop Shaw Pitman, LLP, No. FSTCV116009039, 2011 WL 5304627, at *1 (Conn. Super. Ct. Oct. 17, 2011) ("The language of the two statutes relevant to the motion to stay proceedings is virtually identical and federal and Connecticut state law on arbitration are similarly in concert.")

disregard of the law." <u>Garrity v. McCasey</u>, 223 Conn. 1, 11 (1992); <u>Wilko v. Swan</u>, 346 U.S. 427, 436-37 (1953).

### C.     THE ARBITRATOR DID NOT MANIFESTLY DISREGARD THE LAW.

In the present case, Talmadge argues that the Arbitrator's Award should be vacated on the grounds that he "exceeded his powers and imperfectly executed them and no mutual, final and definite award was made" (Application to Vacate, at 1.)   In support, Talmadge states that the Arbitrator "failed to execute his duties correctly" and "fail[ed] to dismiss the action before him." <u>Id.</u>   Talmadge has not put forth any evidence whatsoever that the Arbitrator knew of a governing law principle and refused to apply it, as required by the law.  <u>See</u> <u>Banco de Seguros del Estado</u>, 344 F.3d 263.

Merely misapplying the law is not "grounds" for vacating an arbitration award under the FAA. <u>See</u> <u>Hutchinson v. Farm Fam. Cas. Ins. Co.</u>, 500 F. Supp. 2d 87, 92 (D. Conn. 2007) ("Moreover, to the extent Farm Family argues that the arbitrators misapplied Maine's law, their claim fails because [a]n [arbitration] award may not be vacated under section 10 [of the FAA] on the grounds that the arbitrator failed to interpret correctly the law applicable to the issues in dispute or misinterpreted the underlying contract." (citations and internal quotation marks omitted); <u>Deiulemar Compagnia Di Navigazione, S.P.A. v. Transocean Coal Co., Inc.</u>, No. 03 CIV. 2038 (RCC), 2004 WL 2721072, at *10 n.4 (S.D.N.Y. Nov. 30, 2004) ("misapplication does not equate with disregard, and neither the FAA, the New York Convention, nor Supreme

Court precedent permits a district court to vacate an arbitration award merely because the arbitrators arguably got the decision wrong."); <u>Rent-A Center v. Banker</u>, 633 F. Supp. 2d 245, 257 (W.D. La. 2009) ("Regardless of whether the Arbitrator misapplied Federal Rule 56(c), misapplication of the law is not grounds for vacating an arbitration award under the FAA."). Instead, to vacate an award, a party must make a "clear demonstration that the [arbitrator] intentionally defied the law," vacatur requires "more than a simple error in law or a failure by the arbitrators to understand or apply it." <u>Duferco</u>, 333 F.3d at 389, 393 (citations and internal quotation marks omitted). Here, the Plaintiff does not sufficiently allege that the Arbitrator intentionally defied the law.

Conversely, the record makes clear that the Arbitrator properly applied legal principles of breach of contract cases and Talmadge's jurisdictional motion to dismiss. The issue in this arbitration was straightforward – Did Talmadge breach the terms of the Pharmacy Agreement by failing to make payments. As such, the parties vested the Arbitrator with the authority to decide those claims and award relief consistent with the Pharmacy Agreement. Furthermore, the Arbitrator properly limited his findings to invoices October, 2014 to the present – invoices that were not included in the Promissory Notes.

Indeed, Talmadge has failed to establish that the Arbitrator intentionally defied the law. <u>See</u> <u>Duferco</u>, 333 F.3d at 393. Here, Talmadge does not state what facts or legal principles were ignored by the Arbitrator in (1) denying Talmadge's motion to dismiss and (2) presiding over the hearing. Instead, he argues that the Arbitrator "never should have continued the exercise after the Plaintiff's Motion to Dismiss"; the Arbitrator "did not have the authority hear the case and

14

subject Talmadge to his authority." (Application to Vacate, p. 1.) Talmadge has not offered any evidence to support its conclusory allegations that the Arbitrator was "guilty of misconduct" or "exceeded his powers." Id. This allegation alone is wholly insufficient to prove that the Arbitrator committed manifest disregard of the law. Talmadge must allege that the arbitrator knew of the law and intentionally failed to apply it. See Banco de Seguros del Estado, 344 F.3d 263. Here, all legal issues were thoroughly briefed and considered by the Arbitrator. See Exhibits D-K. The Arbitrator concluded that the Pharmacy Agreement prevailed as to the scope of remedies by and between the parties. There is no support for the contention that the Arbitrator failed to accept contract principles or the legal standards governing a motion to dismiss.

Notwithstanding the foregoing, Talmadge seeks to reverse the Arbitrator's Award by claiming that the Arbitrator "failed to execute his duties correctly and was guilty of misconduct for failing to dismiss the action before him and exceeded his powers by continuing the action regardless of the absence of a binding arbitration agreement that was not superseded by later agreements between the parties." (Application to Vacate ¶ 1.) Yet Talmadge does not provide a single reason -- let alone sufficient evidence -- in support of its assertion. While Talmadge may disagree with the Arbitrator's Award, that disagreement "is a far cry from the egregious or patently irrational misperformance of duty that must be shown in order to prove a manifest disregard of the law." Garrity, 223 Conn. at 13. The Arbitrator did not exceed his powers and, as such, the Application to Vacate should be denied and the Arbitrator's Award be confirmed.

Mere recitation of the statutory grounds for vacating an arbitration award and a bald claim that the Arbitrator "did not have authority to hear the case," absent evidence that the

15

Award contravenes the statutory proscriptions or is clearly violative of a strong public policy, does not justify vacating the Arbitrator's Award.  Given these facts, Talmadge has not provided any basis to conclude that the Arbitration Award reflects an "egregious or patently irrational rejection of clearly controlling legal principles" amounting to a "manifest disregard of the law." Garrity v. McCasey, 223 Conn. 1, 11 (1992); Wilko v. Swan, 346 U.S. 427, 436-37 (1953). Accordingly, the Application to Vacate must be denied.

Talmadge's application also must be denied because it asks this Court to relitigate the arbitration hearing.  Evaluating evidence remains the exclusive province of the Arbitrator. See Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 213 (2d Cir. 2002) ("Under the manifest disregard standard, however, the governing law must clearly apply to the facts of the case, *as those facts have been determined by the arbitrator.*" (emphasis in the original)); ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc., 102 F.3d 677, 687 (2d Cir. 1996) (erroneous factual determination is not a ground for vacating an arbitral award).

Furthermore, "the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award." Wallace, 378 F.3d at 193 (citations and internal quotation marks omitted); Dolan v. ARC Mech. Corp., No. 11 CIV. 09691(PAC), 2012 WL 4928908, at *5 (S.D.N.Y. Oct. 17, 2012). Indeed, "[a] federal court may not conduct a reassessment of the evidentiary record." Wallace, 378 F.3d at 193; McQueen–Starling v. United Health Grp., Inc., No. 08 Civ. 4885(JGK), 2011 WL 104092, at *5 (S.D.N.Y. Jan. 11, 2011). Instead, "[i]f a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512, 516 (2d Cir.

16

1991) (citations and internal quotation marks omitted); <u>Finkelstein v. UBS Global Asset Mgmt. (US) Inc.</u>, No. 11 Civ. 356(GBD), 2011 WL 3586437, at *7 (S.D.N.Y. Aug. 9, 2011). "Put another way, an arbitration award should be enforced, [even] despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." <u>Rich v. Spartis</u>, 516 F.3d 75, 81 (2d Cir. 2008) (citations and internal quotation marks omitted); <u>Kingsbury Navigation Ltd. v. Koch Shipping Inc.</u>, No. 11 Civ. 6575(DAB), 2012 WL 2345170, at *3 (S.D.N.Y. June 14, 2012) (same).

Talmadge's claim that the Arbitrator exceeded or imperfectly executed his authority is without merit and fails to provide any basis for vacating the Award.  Rather, this is a simple case of Talmadge objecting to the Arbitrator's Award merely because it dislikes the results.

## IV.   CONCLUSION

There is a "colorable justification for the outcome reached" by the Arbitrator.  <u>Rich v. Spartis</u>, 516 F.3d 75, 81 (2d Cir. 2008).  Talmadge's only complaint is that it does not like the outcome of the Arbitrator's Award.  This is not a ground upon which an arbitration award can be vacated.  Talmadge has failed to meet the exacting standard required to vacate an arbitration award.  Indeed, Talmadge has not demonstrated that the Arbitrator's Award fails to conform to the submission to arbitration contained in the Pharmacy Agreement.  Nor has Talmadge established that the Arbitrator manifestly disregarded the law.  The Application to Vacate must therefore be denied and the Arbitrator's Award must be confirmed.

17

ME1 22183214v.1

PARTNERS OF CONNECTICUT,
LLC

BY McCARTER & ENGLISH, LLP,
ITS ATTORNEYS

By /s/ Jeffrey M. Thomen
      Jeffrey M. Thomen
      Federal Bar No.: ct21864
      Cara T. Keefe
      Federal Bar No.: ct28690
      185 Asylum Street
      Hartford, CT  06103
      Tel: (860) 275-6700
      Fax: (860) 724-3397
      jthomen@mccarter.com
      ckeefe@mccarter.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

Kenneth Alan Votre, Esq.
Votre & Associates, P.C.
90 Grove Street, Suite 209
Ridgefield, CT 06877
votrelaw@gmail.com

      /s/ Jeffrey M. Thomen
       Jeffrey M. Thomen

ME1 22183214v.1