**ORDER**

**Parcc Health Care v. Partners of Connecticut, 3:16CV444(RNC)**

**Re:   Motion to Remand (ECF No. 19)**

    Plaintiff moves to remand this matter to state court for lack of subject matter jurisdiction.  Defendant has not filed an opposition to the motion, but it has filed an affidavit and a declaration in support of its notice of removal.  Because defendant has failed to meet its burden of showing complete diversity of citizenship, the motion must be granted.

    Defendant contends that this Court has jurisdiction based on the diversity of citizenship statute, 28 U.S.C. § 1332(a)(1), which confers on district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  Under that statute, complete diversity of citizenship must exist among the parties, meaning that no plaintiff can be from the same state as any defendant.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  Because the party asserting jurisdiction bears the burden of proving that the case is properly in federal court, defendant must show that complete diversity exists.  See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

    Plaintiff asserts – and defendant has not contested – that it is a corporation organized under the laws of Connecticut with its principal place of business in Florida.  See Pl.'s Mem. (ECF No. 19-1) at 2.  Plaintiff is therefore a citizen of Connecticut and Florida.  See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012).

    Defendant is a limited liability company ("LLC"), and LLCs take the citizenship of each of its members.  Id. at 49.  According to the sealed declaration submitted by defendant (ECF No. 28), defendant is a citizen of several states, including Florida.  Defendant's sole member is another LLC (Partners Pharmacy Services), whose sole member is yet another LLC (Care Solutions).  Care Solutions has several members, including an individual who is alleged to be a citizen of Florida.  Thus, it appears that plaintiff and defendant are both citizens of Florida, so complete diversity of citizenship does not exist.  In the absence of complete diversity, this Court does not have subject matter jurisdiction, so the case must be remanded.

Accordingly, plaintiff's motion to remand is hereby granted.

So ordered this 14th day of June 2016.

                                          /s/ RNC
                            Robert N. Chatigny, U.S.D.J.